NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

10th Circuit Court-Salem District Division
No. 2022-0253

Rockingham
No. 2022-0589


THE STATE OF NEW HAMPSHIRE

v.

JULIE HELLINGER

Argued: May 11, 2023
Opinion Issued: November 2, 2023


John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Audriana Mekula, assistant attorney general, on the brief and orally), for the State.


Sakellarios Legal, of Manchester (Olivier Sakellarios on the brief and orally), for the defendant.


HANTZ MARCONI, J. The defendant, Julie Hellinger, was tried in Circuit Court (Lown, J.) on charges of disobeying a police officer, see RSA 265:4 (2014) (class A misdemeanor), and driving after suspension, see RSA 263:64, I, VII

(Supp. 2022) (violation-level offense). Prior to trial, the defendant filed a motion to suppress, arguing that the motor vehicle stop by the police was unlawful. Her motion was denied, and the defendant was convicted on both charges. She appealed her conviction for disobeying an officer to the superior court, and appealed her conviction for driving after suspension directly to this court.

In the superior court, the defendant again moved to suppress. The Trial Court (Ruoff, J.) denied the motion without a hearing. The defendant filed an interlocutory appeal from this ruling. See Sup. Ct. R. 8. We consolidated the two appeals. We now reverse her circuit court conviction for driving after suspension, vacate the superior court order denying her motion to suppress, and remand both matters.

I

We need not set forth the facts in detail. For purposes of these appeals, it is undisputed that a Salem police officer stopped the defendant's car on July 15, 2020. At some point, the defendant allegedly gave the officer a false name and date of birth. The officer subsequently learned the defendant's real name and date of birth, and that her license had been suspended. The complaint for disobeying a police officer is based upon the false identifying information allegedly given by the defendant to the officer. See RSA 265:4, I(b) (no person, while driving or in charge of a vehicle, shall "[g]ive a false name, date of birth, . . . or any other false information to a law enforcement officer that would hinder the . . . officer from properly identifying the person").

II

We begin with the appeal from the conviction for driving after suspension. The defendant argues that the trial court erred by denying her motion to suppress. The State concedes that the trial court erred, and agrees that the officer did not have the reasonable, articulable suspicion necessary to support a motor vehicle stop of the defendant. See State v. O'Brien, 175 N.H. 697, 701 (2023) (to undertake a lawful traffic stop, the officer must have a reasonable suspicion, based upon specific, articulable facts taken together with rational inferences drawn from those facts, that the person stopped has been, is, or is about to be engaged in criminal activity). In light of the State's concession, we reverse the conviction for driving after suspension, and remand to the circuit court.

III

We next consider the interlocutory appeal from the superior court. The defendant again moved to suppress, arguing that the officer unlawfully initiated the motor vehicle stop and impermissibly expanded the stop. The trial court denied the motion, stating:

2

Upon review, the Court finds that a hearing is not necessary to resolve this issue. Assuming without deciding that the "stop" in this case was "illegal," evidence of a new crime that is committed after the alleged illegal "stop" is not subject to the Exclusionary Rule. See State v. Panarello, 157 N.H. 204 (2008) (holding that a new crime committed in police presence purges the taint of any antecedent illegality). In this case, the defendant is charged with committing an offense that is alleged to have occurred after the motor vehicle stop. The defendant's alleged lie to the police about her identity came after the "stop" and is, thus, not subject to exclusion. See also, State v. McGurk, 157 N.H. 765, 771-72 (2008).

In Panarello, we adopted a "new crime" exception to the exclusionary rule, which we described as follows: "Under this exception, where the response to an unlawful entry, search or seizure has been a physical attack (or threat of same) upon an officer, courts have held that the evidence of this new crime is admissible." Panarello, 157 N.H. at 208 (quotation and ellipses omitted). We found persuasive the rationale that the deterrent purpose of the exclusionary rule would not be served by applying it "in cases where the accused has committed a crime against police officers in response to police misconduct." Id. (quotation omitted). As the defendant correctly notes, here there was no crime committed against law enforcement. Thus, we are not persuaded that Panarello supports the trial court's decision.

We agree with the defendant that McGurk provides the appropriate analytical framework governing the defendant's motion. In McGurk, we considered whether evidence of a new crime ought to be excluded by applying the "fruit of the poisonous tree" doctrine. State v. McGurk, 157 N.H. 765, 771-72 (2008). There, following an allegedly illegal initial search, the defendant removed and swallowed marijuana that had been seized by the police during the unlawful search. Id. at 768. As a result, he was charged with falsifying physical evidence. Id. The State argued that the defendant's illegal acts were committed after the stop, and were unconnected to both the stop and the search of the car. Id. at 771. We explained that if the evidence in question was obtained only through the exploitation of an antecedent illegality, then it must be suppressed. Id.

Accordingly, the question to be resolved is whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.

In determining whether the taint of a Part I, Article 19 violation has been purged, we consider the following factors: (1) the temporal proximity between the police illegality and the acquisition of the evidence sought to

be suppressed; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the official misconduct.

Id. (quotations, ellipsis, and brackets omitted); see also State v. Hight, 146 N.H. 746, 750 (2001) (in determining whether State has purged taint of an unlawful detention followed by a consent to search, court considers temporal proximity between the police illegality and the consent to search, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct).

To determine whether the taint of the illegal stop in this case has been purged, with the result that the exclusionary rule does not require suppression of the evidence of the false identifying information provided by the defendant to the officer, the three factors identified in McGurk must be considered. The trial court failed to undertake this analysis. We further agree with the defendant that in order to undertake the required analysis, the trial court in this case must first hold an evidentiary hearing. We note that in McGurk, we concluded that we had no need to discuss the first and third factors of the three-factor test, concluding that the second factor was "sufficient to purge the taint." McGurk, 157 N.H. at 771. That conclusion, however, was based upon "the facts of [that] case." Id. We reiterate that, on remand, the trial court shall, following an evidentiary hearing, consider the three factors set forth in McGurk in ruling upon the defendant's motion to suppress.

The State cites cases from other jurisdictions that it contends would support a holding that false-identification crimes committed after an unlawful stop fall under the new crime exception to the exclusionary rule. We conclude, however, that this case is governed by our own precedent; thus, we have no need to consult decisions from other jurisdictions.

Accordingly, we vacate the trial court's ruling denying the defendant's motion to suppress and remand.

Reversed in part; vacated in part; and remanded.

MACDONALD, C.J., and HICKS, BASSETT, and DONOVAN, JJ., concurred.